SMITH *v.* HOBBS, and *vice versa.*

</div>

The evidence authorized the verdict, and there was no error requiring the
granting of a new trial.

<div align="center">

Argued November 3, — Decided November 28, 1903.

</div>

Complaint. Before Judge Kimsey. Hall superior court. July
31, 1903.

*W. F. Findley, F. M. Johnson,* and *Howard Thompson,* for
plaintiff. *H. H. Dean,* for defendant.

COBB, J.   This was an action by a physician to recover for
professional services rendered to the defendant and other mem-
bers of his family, who were afflicted with small-pox. The jury
returned a verdict in favor of the defendant, and the plaintiff
complains because the court refused to grant him a new trial.
Taking the evidence most strongly against the plaintiff and most
favorably for the defendant, which we are required to do at this
stage of the case, it appeared that the defendant and other mem-
bers of his family were afflicted with small-pox in the city of
Gainesville; that the city authorities caused his house to be quar-

antined, and sent the plaintiff as a physician to treat the defendant and other members of his family, all this being done without consulting the defendant; that the defendant at no time employed the plaintiff or agreed to pay for the services rendered by him, but simply received the services as rendered, acting upon the assumption that as the city authorities had taken control of his premises, and had sent a physician whom he had not employed and who was not his family physician, they intended to provide for all of the expenses incident to the treatment of the disease with which he and other members of his family were afflicted. There was evidence for the defendant authorizing the jury to find that at the time the services were rendered the conduct and sayings of the plaintiff were such as to indicate to the defendant that he did not intend to hold him liable for the services so rendered.

This is the case taken most favorably for the defendant. Of course there was evidence to the contrary and which would have authorized a finding for the plaintiff. Unless some error of law has been committed, we will not reverse the judgment of the trial judge refusing to grant a new trial. Complaint is made that the court failed to give in charge to the jury sections 1472-1474 of the Political Code, where it is provided that when smallpox has appeared in any city, the city authorities are empowered to provide a suitable hospital for those afflicted with the disease and to furnish them with medical and other attention; and also authorizing the city authorities to provide quarantine regulations to prevent the spread of the disease, but not to require any person to leave his home and go to the hospital when he is properly provided for and quarantined elsewhere at his own expense; the act providing that the city shall not pay the expenses of any person so situated. The provision that the city shall not pay the expenses of a person quarantined and provided for at his own home is applicable only in cases where a suitable hospital has been provided, and the person afflicted has been given an opportunity to be carried there and has insisted upon being treated at home. Even admitting that a suitable hospital had been provided, there was no evidence that the city authorities ever offered or attempted to carry the defendant or any members of his family to the hospital, or that he refused to take the benefit of the hospital so provided. In fact, the evidence for the defendant authorized a finding, that,

without consultation with him, his house and premises were converted by the city authorities into a hospital for the treatment of himself and other members of his family, and that those in authority dealt with it as such so long as the defendant or any member of his family was afflicted with the disease. We do not think there was any error in failing to charge these sections. Even if they were applicable, they were not such an important part of the plaintiff's case as that a failure to charge them would be reversible error in the absence of an appropriate written request. There was no error in admitting evidence tending to show that the City of Gainesville, and not the defendant, was liable to the plaintiff. The defendant had a right to show that he was not liable, and evidence that another was liable for the account sued on was a proper matter to be considered by the jury in determining the liability of the defendant. It was not necessary that there should be any special plea setting up that the City of Gainesville was liable, to authorize evidence of its liability for the purpose of showing non-liability on the part of the defendant. The city was not a party, and the judgment in this case will not bar a suit against it to recover the amount of the claim. There was no abuse of discretion in refusing to reopen the case to allow the plaintiff to introduce the testimony of the chairman of the board of health, nor in refusing a new trial on the ground of newly discovered evidence of the mayor and city clerk. The slightest diligence exercised by the plaintiff or his counsel would have resulted in the discovery of this testimony before the trial. It is simply determined by the present case that the defendant is not liable to the plaintiff. Whether the City of Gainesville is liable is a question not involved or passed upon.

*Judgment on main bill of exceptions affirmed; cross-bill dismissed. All the Justices concur.*