68936. GUNNELLS et al. v. CRUMP et al.
(323 SE2d 903)

BIRDSONG, Presiding Judge.

This is an appeal from a judicial confirmation of a sale of real property on foreclosure in a proceeding brought pursuant to OCGA § 44-14-161. Appellants contend that the evidence was insufficient to support the ruling of the trial court.

At the hearing, each party relied upon the testimony of one expert witness as to the fair or true market value of the property sold, it having been stipulated that the sole issue was the adequacy of the price paid by appellees at the foreclosure sale. The real estate was sold to appellants by H. Inman Crump in 1980 for a total purchase price of $100,000. As a part of the sales transaction, appellants granted a first priority note and security deed to a bank in the principal sum of $55,000, and a second priority note and deed to Crump in the amount of $70,500. Appellants made improvements to a building located thereon and operated a Western Auto store there until December of 1982, when the store closed. The foreclosure sale took place on December 7, 1983, after appellants defaulted in making installment payments owed on both notes and deeds. It was stipulated on the date of sale that the net amount owed to the bank was $55,484.29 which, when taken together with appellees' bid of $39,516.17, constituted a total bid of $95,000. Appellees contend that this amount was

the true market value of the property, while appellants assert that the fair market value of the land and the improvements was $139,000.

Appellees' expert witness testified that the real estate with improvements had replacement cost value greater than $95,000, but due to depressed economic conditions, the property would not bring its replacement cost so that the fair market value of the property as of the date of the sale was $95,000. This witness further testified that at the time the property was acquired by appellants they received 100 percent financing which in his experience normally brought a higher price than if sold for cash or with conventional financing. Appellants' expert testified that he arrived at the figure of $139,000 by appraising the land as having a fair market value of $39,000 and that the replacement costs for the building and improvements was approximately $100,000. On cross-examination, however, this witness acknowledged that the local real estate market was depressed because of the general economic conditions at that time, and conceded that the fair market value could be less than its replacement value. Based on this evidence, the trial court concluded that the true market value of the property on the date of sale was $95,000. *Held:*

" 'In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. . . . What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence.' [Cits.]" *Grizzle v. Fed. Land Bank,* 145 Ga. App. 385, 387-388 (244 SE2d 362); *Thompson v. Maslia,* 127 Ga. App. 758 (4) (195 SE2d 238). "[C]ost price, if coupled with other evidence, may be admitted as an element upon which an opinion may be formed as to the item's value. [Cit.]" *King v. Sinyard,* 139 Ga. App. 14, 17 (227 SE2d 834). However, it has been judicially recognized "that values do fluctuate, sometimes up and sometimes down. If this were not so, proof of the market value of any item at a given time would suffice for all time to come. . . . What it may have brought or what it may have been regarded as being worth on the market at times relatively close to the date of sale may be considered as aids in arriving at market value *at the time of sale* — which is what the court is charged with determining in granting or denying an order of confirmation. But at last value on the date of sale is a factual question to be resolved by the trior [sic] of facts." *Thompson v. Maslia,* supra, p. 764. "[T]he trial court's determination that the sale reflects 'true market value' will be affirmed, where there is no evidence that the sale was chilled or any fraud exerted. No such combination of circumstances as is condemned in *Giordano v. Stubbs,* 228 Ga. 75 (3) (184 SE2d 165) (1971)

(inadequacy of price plus fraud, mistake, misapprehension, surprise or other like circumstances) appears here." *Smith v. Fidelity Fed. Savings &c. Assn.*, 149 Ga. App. 730, 731-732 (256 SE2d 43). Therefore, the trial court's finding that the property brought its true market value on the date of sale will not be disturbed. Accord *Alexander v. Weems*, 157 Ga. App. 507 (3) (277 SE2d 793).

*Judgment affirmed. Carley and Beasley, JJ., concur.*

DECIDED NOVEMBER 15, 1984.

*Robert W. Lavender*, for appellants.
*Eugene W. Harper, Jr.*, for appellees.