A89A1063. SMITH et al. v. GREAT SOUTHERN FEDERAL SAVINGS BANK.
(385 SE2d 1)

DEEN, Presiding Judge.

This appeal is from the trial court's confirmation of the appellee bank's foreclosure sale of certain property on which it held a deed to secure debt. On November 1, 1983, Richard Smith III borrowed $225,000 from the appellee, and secured the indebtedness with three parcels of property. The deed to secure debt contained a power of sale authorizing sale of the property to pay the indebtedness upon default. It was discovered after execution of the security instrument that Smith's daughter actually owned a one-quarter interest in the third parcel and that Smith had no authority to encumber that interest.

The loan ultimately went into default, and on June 7, 1988, the appellee purchased the property itself at the foreclosure sale, paying $70,000 for the first parcel, $95,000 for the second, and $64,000 for the three-quarter interest in the third parcel. A confirmation hearing was

held on September 1, 1988, concerning only the sale of the third parcel, following which the superior court confirmed the sale. *Held*:

1. The appellants contend that the trial court erred in failing to consider a recent offer to purchase the property in its determination of the fair market value of the subject property. Smith testified that prior to the foreclosure proceedings he had rejected an offer to lease the property for one year with an option to purchase it for $130,000, but the trial court indicated that a mere offer does not constitute proper evidence of value. The trial court ruled correctly. *Jones v. Smith*, 206 Ga. 162 (6) (56 SE2d 462) (1949).

2. Prior to the foreclosure proceedings, the appellants had arranged with another bank for a loan of $90,000 to release the security interest on the subject property, but the appellee rejected that proposal, primarily because the security interest it held concerned the three parcels together and it had not sufficiently determined at that time the value of the individual properties. The trial court also properly disregarded this evidence as an indication of the market value of the property. *Jones v. Smith*, supra.

3. Two appraisals of the subject property were before the trial court. One appraiser testifying on behalf of the appellee indicated that the market value of a fee simple interest of the entire parcel would be $100,000. A three-quarter interest valued at $75,000 would further be discounted by 15 percent for a margin of profit risk due to the other quarter interest in the property being held by a minor. Another appraiser, testifying on behalf of the appellants, however, valued the fee simple interest for the entire parcel at $153,000, discounted to $138,000 due to soft market conditions; the three-quarter interest thus would be $104,000.

" ' "In confirmation proceedings, the judge sits as a trier of fact, and his findings and conclusions have the effect of a jury verdict. He hears the evidence and his findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them . . . What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence." [Cit.]' " *Gunnells v. Crump*, 172 Ga. App. 607, 608 (323 SE2d 903) (1984). In this case, the trial court accepted one appraiser's opinion over another's, and we will not disturb that decision.

*Judgment affirmed. Birdsong and Benham, JJ., concur.*

DECIDED JULY 3, 1989 —
REHEARING DENIED JULY 18, 1989 —

*Duffy & Feemster, Dwight T. Feemster*, for appellants.

388

*Kathleen Horne, Christopher E. Klein,* for appellee.