## A95A0014. PREVOST v. COFFEE COUNTY HOSPITAL AUTHORITY.

(453 SE2d 760)

BLACKBURN, Judge.

Appellee/plaintiff, Coffee County Hospital Authority (Hospital Authority), brought suit against appellant/defendant, Maurice Prevost, M.D., seeking to recover under contract for a loan it made to Prevost. The loan was made to Prevost as an inducement to open a medical practice in Coffee County in association with the Hospital Authority. Prevost filed a general denial and counterclaim asserting breach of contract. In this regard, he prayed for unspecified damages alleging, among other things, the Hospital Authority's responsibility for expenses he incurred in renovating office space and "adverse economic impact" resulting from the Hospital Authority's failure to purchase new instruments to facilitate his practice.

The jury returned a verdict for the Hospital Authority in the amount of $225,296.43 and awarded damages to Prevost of $50,000. By its judgment and amended judgment, the trial court directed that the verdict for the Hospital Authority be offset by the damages awarded Prevost and ordered judgment against Prevost in the amount of $175,296.43. Thereafter, the trial court denied appellant's motion for new trial, and he now appeals.

Prevost contends that the trial court erred by refusing to allow him to reopen his case. In particular, Prevost argues that the trial court erred by not allowing him to introduce documentary evidence to impeach Hospital Authority testimony denying responsibility for his costs in renovating office space. He also argues that the trial court erred by not allowing him to call an additional witness. In this regard, he wished to call the doctor who succeeded him with the Hospital Authority to bolster his testimony regarding the inadequacy of a microscope and to impeach Hospital Authority testimony denying any failure to provide him new medical equipment as agreed.

"[T]he decision to reopen the evidence in a case lies within the sound discretion of the trial court, and will not be disturbed absent a showing of an abuse of that discretion. [Cit.]" *Crocker v. Stevens*, 210 Ga. App. 231, 237 (6) (435 SE2d 690) (1993). The record reflects that the trial court gave careful consideration to the evidence which appellant's counsel sought to introduce. As to Prevost's documentary evidence, generally consisting of bills, estimates, and invoices, the trial court properly concluded that it did not impeach Hospital Authority testimony disavowing responsibility for Prevost's office renovation costs. Additionally, the documents had been available before trial but were not produced in response to the Hospital Authority's discovery request for Prevost's records.

Likewise, after hearing the testimony of Prevost's successor out

of the presence of the jury, the trial court concluded that his testimony merely confirmed the inadequacy of the complained of microscope but did not impeach Hospital Authority evidence opposing the claim that it had failed to purchase new medical equipment. There is no claim that this witness was not available to Prevost prior to and during trial. Under these circumstances, we find no evidence that the trial court abused its discretion by refusing to allow Prevost to reopen his case. Accordingly, Prevost's claims of error are without merit.

*Judgment affirmed. McMurray, P. J., and Andrews, J., concur.*

DECIDED JANUARY 26, 1995.

*Solomon & Edgar, Teddy M. Solomon II,* for appellant.
*Philip R. Taylor,* for appellee.