## A02A0661. PARROTT v. FAIRMONT DEVELOPMENT, INC.
### (568 SE2d 148)

RUFFIN, Judge.

David Parrott sued Fairmont Development, Inc., asserting that Fairmont destroyed a pipeline that supplied water to his property. Although the pipeline was on Fairmont's property, Parrott asserted that he had acquired a prescriptive easement on that property. The trial court conducted a bench trial on Parrott's claims for damages and injunctive relief.[1] After the close of the evidence, Parrott moved the trial court to reopen the evidence. The trial court denied Parrott's motion and entered judgment in favor of Fairmont, and this appeal ensued. For reasons that follow, we affirm.

1. In his first enumeration of error, Parrott contends that the trial court erred in denying his claim for damages. Parrott essentially

---

[1] Although Parrott characterizes his claim as "an action in equity," he clearly seeks money damages, which constitute a legal rather than an equitable remedy. See *Stewart v. Walton*, 254 Ga. 81, 82 (1) (326 SE2d 738) (1985) ("action for money damages provides an adequate remedy at law").

argues that the evidence does not support the trial court's conclusion that no prescriptive easement existed. In reviewing such argument, we note that the trial court is the factfinder in a bench trial, and we will affirm its holding on appeal if there is any evidence to support it.[2]

Viewed in this light, the evidence shows that, in August 1977, Parrott purchased a shopping center from White Stores. At the time of the purchase, the shopping center was serviced by a waterline that ran across adjacent property. Parrott thought that White Stores must have acquired an easement for the waterline. Accordingly, if the waterline needed to be repaired, Parrott would pay plumbers to enter the adjacent property and repair the damage. One such repair left a six-inch PVC pipe protruding from the ground approximately twelve to fifteen feet inside the adjacent property.

In the early 1980s, Howard Cohen purchased the adjacent property to build a business, but the business never materialized. According to Cohen, he never knew that the waterline ran across his property. Although Parrott repaired the waterline several times when Cohen owned the property, Cohen never noticed any work being done on his property.

In May 1999, Cohen sold the property to Fairmont. At the time of the sale, the property was heavily wooded and covered with bushes and vines. Cohen described the property as a "jungle." John Farmer, an engineer who worked on Fairmont's development project, testified that he walked the property in July or August, but did not see the six-inch PVC pipe protruding from the ground. According to Farmer, he had no reason to suspect the waterline ran across Fairmont's property. Specifically, Farmer testified that

> prior to going out to the site, you look at the city exhibit and [there is] no record of having a water line going across the property, you would have to assume that . . . there are no lines running, because in the city, you're not allowed to plant trees on top of water lines . . . [but must] remove the trees at least seven and a half feet on either side of the lines for maintenance.

Terry Coleman, the surveyor hired by Fairmont, discovered a pipe protruding from the back of Parrott's building, and he called the city to see either if there was a waterline on Fairmont's property or if the city had a water easement. According to Coleman, "both answers came back no." Fairmont subsequently discovered the existence of the waterline, which it wanted Parrott to move. Parrott testified that he

---

[2] See *Page v. Braddy*, 255 Ga. App. 124 (564 SE2d 538) (2002).

"was willing to relocate the line, but [he] wanted [Fairmont] to maintain the line after it was relocated." Evidently, the parties reached an impasse, and Fairmont removed the waterline. Parrott then sued, claiming Fairmont breached his easement rights.

(a) "Prescriptive rights must be strictly construed, and the party asserting such rights must satisfy each of the established criteria."[3] Parrott claims that he acquired an easement by virtue of adverse possession in accordance with OCGA § 44-5-163. To establish such claim, Parrott must show that Fairmont purchased the property with notice of the easement.[4] As this Court recently reiterated, a bona fide purchaser of property that lacks either knowledge or constructive notice of an easement takes title free from the easement.[5] The purchaser

> may assume that there is no easement except as shown of record or by open and visible indications on the land itself[; however,] such purchaser will be charged with notice of the easement where an inspection of the premises would have readily revealed such physical facts as would, in the exercise of ordinary diligence, put him upon inquiry.[6]

Whether or not a prescriptive easement has been established is a factual inquiry.[7] When Fairmont purchased the property, it was overgrown to the point that the waterline was not patently visible, and an inspection of the property did not disclose the waterline's existence. Given this evidence, the trial court was authorized to conclude that Parrott failed to establish the existence of an easement under OCGA § 44-5-163.[8]

(b) Parrott also contends that he acquired a right-of-way easement under OCGA § 44-9-4, which governs parol licenses to use another's land.[9] However, this "statute is operative only where there is an express oral license."[10] Here, Parrott points to no evidence of any express oral license. It follows that the trial court did not err in finding this statute inapplicable.

---

[3] *Jackson v. Norfolk Southern R.*, 255 Ga. App. 695, 696 (1) (566 SE2d 415) (2002).

[4] See *Hopkins v. Virginia Highland Assoc.*, 247 Ga. App. 243, 248 (1) (541 SE2d 386) (2000).

[5] See id.

[6] (Punctuation omitted.) Id.

[7] See *Thompson v. McDougal*, 248 Ga. App. 270, 273 (546 SE2d 44) (2001).

[8] See *Hopkins*, supra (issue of whether purchaser placed on inquiry notice could not be resolved as a matter of law).

[9] Parrott does not argue that he acquired a private right-of-way under OCGA § 44-9-1 or § 44-9-54. Assuming, for argument's sake, that either statute applies, Fairmont's lack of notice is fatal to any such claim. See id.

[10] *Jordan v. Coalson*, 235 Ga. 326, 327 (219 SE2d 439) (1975).

(c) Finally, Parrott asserts that, "regardless of the existence of [an] easement, Fairmont's self-help interference with the flow of water to [Parrott's] building was a willful and intentional interference with [Parrott's] property thereby entitling [him] to recover damages as arise naturally from the wrongful acts of [Fairmont]." However, Parrott provides no argument to support his conclusory statement. Under Court of Appeals Rule 27 (c) (2), an appellant must support enumerations of error with argument, and conclusory statements are not the type of meaningful argument contemplated by this rule.[11] "Therefore, in the absence of proper argument and corresponding citation to authority, or to the record, we will not consider this enumeration."[12]

2. After the trial, Parrott filed a motion to reopen the evidence to present newly discovered evidence, which the trial court denied. On appeal, Parrott argues that the trial court erred in denying the motion. We disagree.

In his affidavit, Parrott avers that, after the trial began, he "reviewed all of his files and records to determine whether any additional information existed." During this review of the records, he discovered a footnote on an old drawing of his building that referenced the firm responsible for the drawing. Parrott then contacted the firm, but was not provided additional information until after the close of evidence, at which time the firm provided plats that reflected an unrecorded easement.

"The decision to reopen the evidence in a case lies within the sound discretion of the trial court, and [it] will not be disturbed absent a showing of an abuse of that discretion."[13] Here, we find no such abuse. Evidently, Parrott had the drawing that contained the footnote before trial. He simply waited until trial to thoroughly examine the document and discover the footnote. Had Parrott examined the drawing earlier, he could have obtained the additional plats prior to trial. Where failure to procure the evidence before trial stems from a lack of diligence, a trial court does not abuse its discretion in refusing to reopen the evidence.[14]

*Judgment affirmed. Pope, P. J., and Barnes, J., concur.*

---

[11] See *Jenkins v. State*, 240 Ga. App. 102, 103 (1) (522 SE2d 678) (1999).

[12] *Herrman v. Cohen*, 252 Ga. App. 84, 85 (3) (555 SE2d 17) (2001).

[13] (Punctuation omitted.) *Prevost v. Coffee County Hosp. Auth.*, 216 Ga. App. 154 (453 SE2d 760) (1995).

[14] See *Smith v. Hobbs*, 119 Ga. 96, 98 (45 SE 963) (1903).

DECIDED JULY 1, 2002.

*Thomas A. Nash, Jr.*, for appellant.
*Royal & Vaughan, Jeffrey S. Vaughan*, for appellee.

