A04A0840. FOSTER et al. v. TYCOR, INC. et al.
(601 SE2d 172)

BLACKBURN, Presiding Judge.

Following the denial of their request pursuant to OCGA § 44-14-161 for confirmation of a foreclosure sale on certain real property formerly held by Tycor, Inc. and Dwayne Newton, appellants[1] have

---

[1] Appellants, who were assigned the deed to secure debt by Nationwide Mortgage Services, Inc. after the loan had been closed, include Shirley Foster, Pierrette Fontaine, Xyphor, Inc., Kunz Trust, Ronald L. McNaughton, Harold E. Moak and Betty Moak, Helene Santiago,

filed this appeal, contending that they provided the trial court with sufficient evidence to require confirmation. For the reasons set forth below, we affirm.

The record shows that, on October 4, 2001, Nationwide Mortgage Services, Inc., a commercial lender, closed a loan with Tycor and Newton[2] for $500,000. To secure this loan, Tycor and Newton granted Nationwide a deed to secure debt in an unimproved plot of land in the commercial district of Snellville. When it extended the loan, Nationwide relied on an appraisal provided by Newton showing that the property subject to the deed to secure debt was worth approximately $400,000. Nationwide did not question the efficacy of this appraisal at the time of the loan, and it took no efforts to ascertain a second appraisal. After the loan closed, Nationwide assigned the deed to secure debt to appellants.

Tycor and Newton defaulted on the loan in February 2003. The subsequent foreclosure sale occurred on June 4, 2003, and the appellants sold the property to themselves for $275,000, despite the fact that they had advertised the property for an asking price of $500,000. Appellants did not have the property appraised prior to the foreclosure, but merely selected $275,000 as an appropriate starting bid. Subsequent to the foreclosure, in accordance with OCGA § 44-14-161, appellants filed a petition with the trial court asking it to confirm the foreclosure sale so that they could seek a deficiency judgment against Tycor and Newton. The trial court denied appellants' petition, and appellants now challenge that ruling.

OCGA § 44-14-161 provides, in relevant part:

(a) When any real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, mortgages, or other lien contracts and at the sale the real estate does not bring the amount of the debt secured by the deed, mortgage, or contract, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall, within 30 days after the sale, report the sale to the judge of the superior court of the county in which the land is located for confirmation and approval and shall obtain an order of confirmation and approval thereon. (b) *The court shall require evidence to show the true market value of the property sold under the powers and shall*

Marvin Wolpert, Richard J. Abraham and Myra M. Abraham, Lorna Immermann, Paul J. Laskowski and Anne M. Robinson, and A. Lea Allen.

[2] Newton entered into the loan transaction in his individual capacity, but he was also the president of Tycor.

*not confirm the sale unless it is satisfied that the property so
sold brought its true market value on such foreclosure sale.*

(Emphasis supplied.)

When assessing the propriety of a trial court's decision to confirm
or not to confirm a foreclosure sale, this Court must be wary of our
standard of review.

> Value on the date of sale is a factual question to be resolved
> by the trier of fact. In a proceeding for confirmation of a
> foreclosure sale of real property, the judge sits as a trier of
> fact, and his findings and conclusions have the effect of a jury
> verdict. Where the trial judge, sitting as the trier of the facts,
> hears the evidence, his finding based upon conflicting evi-
> dence is analogous to the verdict of a jury and should not be
> disturbed by a reviewing court if there is any evidence to
> support it. In addition, we do not determine witness credibil-
> ity or weigh the evidence, and we view the evidence in the
> light most favorable to support the trial court's judgment.

(Footnotes omitted.) *Fayette Promenade v. Branch Banking &c. Co.*[3]

In this case, the only evidence presented by the appellants that
their purchase price of the property was equal to at least the true fair
market value thereof was an appraisal submitted by the appellants'
expert, Ray McConnell. McConnell, who had been made aware of the
prior foreclosure and the resulting sale, appraised the property at
$275,000, the exact price at which appellants bought the property. In
reaching this amount, McConnell testified that he was forced to use
comparable properties located outside the City of Snellville as far as
ten miles away from the property in question. He further testified
that he did this because there were no comparables within the City to
use.

Other evidence showed, however, that there were several com-
parable properties a short distance away from the subject property.
These properties, located inside the City of Snellville, had much
higher values than the properties used by McConnell, and, as a
result, would indicate that the true market value was much higher
than $275,000. In addition, both McConnell and Newton testified
that, in general, the value of property in the City of Snellville had
been increasing over time, and it was unlikely that the value of the
subject property had decreased from the date of the loan. In addition,

---

[3] *Fayette Promenade v. Branch Banking &c. Co.*, 258 Ga. App. 323, 324 (574 SE2d 319)
(2002).

770

Newton, an entrepreneur knowledgeable about real estate prices and holdings, testified that he believed that the subject property was worth at least $417,000.

Based on this testimony, the trial court concluded that McConnell's appraisal was questionable at best, and, in the absence of any other dispositive evidence from the appellants, ruled that they had failed to satisfy their burden of showing that the subject property had been sold for at least its true fair market value.

In reaching this conclusion, the trial court did not err. In its discretion, the trial court determined that both McConnell and his appraisal were simply not believable. And, as this was the only evidence of value presented by appellants, the trial court properly refused to confirm the foreclosure sale. Appellants' arguments on appeal regarding the veracity of McConnell and the reliability of his appraisal do not change this result, for this Court has no power to overturn the trial court's assessments on these matters.

In addition, appellants contend that the trial court erred by considering a number of other matters in reaching its conclusion, including among other things, that appellants inappropriately chilled the bidding process prior to and during the foreclosure sale. We need not consider these contentions, however, for on a separate basis, namely the appellants' failure to provide credible evidence that the subject property's value was no more than $275,000, the trial court ruled that appellants' foreclosure sale could not be confirmed. There is some evidence in the record supporting this conclusion, and, in spite of appellants other claims, an order of the trial court which is right for any reason must be affirmed.

*Judgment affirmed. Barnes and Mikell, JJ., concur.*

DECIDED JUNE 10, 2004.

*Joseph D. Buccellato*, for appellants.
*Phears & Moldovan, Victor L. Moldovan*, for appellees.