## A05A1455. WILSON v. PRUDENTIAL INDUSTRIAL PROPERTIES, LLC.
### (622 SE2d 890)

RUFFIN, Chief Judge.

Earl Wilson appeals the confirmation of a foreclosure sale of property (the "property") that he formerly owned, alleging that the property was sold for less than its true market value. The property was sold to Prudential Industrial Properties, LLC ("Prudential"), the lienholder, for $14,800,000, and Prudential applied for confirmation of the foreclosure sale under OCGA § 44-14-161 (a). After a hearing on Prudential's application, Wilson asked the trial court to either consider newly obtained evidence of the property's true market value or reopen the hearing. The trial court denied Wilson's motion and approved the sale to Prudential. For reasons that follow, we affirm.

1. Wilson first contends that the trial court erred in confirming the sale because Prudential did not present sufficient evidence to establish the true market value of the property. In confirming a nonjudicial foreclosure sale, the trial court

> shall require evidence to show the true market value of the property sold . . . and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value.[1]

The trial court sits as the trier of fact, and its findings of fact and conclusions of law have the effect of a jury verdict.[2] Thus, we will not

---

[1] OCGA § 44-14-161 (b). "True market value" is used interchangeably with the term "fair market value." It "is the price that the property will bring when it is offered for sale by one who is not obligated, but has the desire to sell it, and is bought by one who wishes to buy it, but is not under a necessity to do so." *Kong v. Shearson Lehman Hutton Mtg. Corp.*, 211 Ga. App. 93, 95, n. 6 (438 SE2d 132) (1993).

[2] See *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004).

overturn a trial court's decision regarding confirmation of a foreclosure sale if there is any evidence to support the decision.[3] Additionally, "we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment."[4]

In this case, Prudential was the only bidder at the foreclosure sale and purchased the property for $14,800,000. At the confirmation hearing, Prudential had the burden of proving that the true market value of the property was less than or equal to this sum.[5] Prudential's expert witness in the field of real estate appraisal, Sherry Watkins, testified that, in her opinion, the property's value as of the date of the foreclosure sale was $13,290,000. Nevertheless, Wilson argues that Prudential failed to carry its burden because Watkins' testimony was speculative, unsupported by the facts, and should have been disregarded by the trial court.

Both Watkins and Wilson's expert, Carl Tschappat, prepared lengthy written reports appraising the property using three different approaches: the cost approach, the income approach, and the sales comparison approach.[6] Both were questioned extensively at the hearing about the data they considered and the methodology they used. On appeal, Wilson challenges the accuracy of a number of the assumptions made by Watkins in her appraisal. However, in reviewing the trial court's decision,

> the test is not whether this court would have accepted appellant's expert appraisals as the most reliable and accurate, but whether the record contains any evidence to support the findings of the trial court that the property brought its true market value at the foreclosure sale.[7]

Although Wilson questions the means by which Watkins arrived at her opinion as to value, Watkins provided the trial court with the basis for her opinions. Because those opinions were not based on

---

[3] See id.; *Foster v. Tycor, Inc.*, 267 Ga. App. 767, 769 (601 SE2d 172) (2004).

[4] *McCain*, supra.

[5] See *Resolution Trust Corp. v. Morrow Auto Center*, 216 Ga. App. 226, 227 (2) (454 SE2d 138) (1995); *Thompson v. Maslia*, 127 Ga. App. 758, 762 (2) (195 SE2d 238) (1972).

[6] Two of Tschappat's appraisals were introduced at the hearing. One found the true market value of the property to be $14,800,000; the other, based on the assumption that a portion of the building would be leased to Eckerd Drugs (which did not occur), found the value to be $21,500,000.

[7] *Tarleton v. Griffin Fed. Sav. Bank*, 202 Ga. App. 454 (1) (415 SE2d 4) (1992).

sheer speculation, we will not second guess her methodology.[8] Moreover, both Watkins and Tschappat testified that, under various approaches, the true market value of the property was no more than $14,800,000. Accordingly, sufficient evidence supported the trial court's confirmation of the foreclosure sale.[9]

2. Wilson also contends that, after the hearing on the foreclosure sale, the trial court should have granted his motion to consider newly obtained evidence or reopen the hearing, because the new evidence was vital to determining the property's true market value. The evidence Wilson seeks to have the trial court consider is a letter from a third party expressing an interest in purchasing the property for $17,100,000, which was written after the hearing took place. We review a trial court's decisions whether to admit evidence or to reopen a hearing under an abuse of discretion standard.[10]

"The issue in a confirmation proceeding is whether the property sold brought, *at the time of the sale sought to be confirmed*, its true market value."[11] Thus, true market value is determined as of the date of the foreclosure sale.[12] The foreclosure sale here was held on April 6, 2004, and the letter which Wilson seeks to have considered was not written until August 23, 2004. The trial court did not abuse its discretion by declining to consider this evidence, since it is, at best, evidence of the value of the property more than four months after the foreclosure sale.[13]

3. Prudential's request that we assess frivolous appeal penalties against Wilson under Court of Appeals Rule 15 (b) is denied.[14]

*Judgment affirmed. Johnson, P. J., and Barnes, J., concur.*

DECIDED NOVEMBER 2, 2005.

---

[8] See *Fayette Promenade v. Branch Banking &c. Co.*, 258 Ga. App. 323, 327 (574 SE2d 319) (2002).

[9] See *Marett Properties v. Centerbank Mtg. Co.*, 204 Ga. App. 265, 267 (419 SE2d 113) (1992).

[10] See *Quay v. Heritage Financial*, 274 Ga. App. 358, 363 (5) (617 SE2d 618) (2005); *Parrott v. Fairmont Dev.*, 256 Ga. App. 253, 256 (2) (568 SE2d 148) (2002).

[11] (Emphasis in original.) *Kong*, supra at 95.

[12] See id.

[13] See *Thompson*, supra at 764 (4) ("We should not disturb [the trial court's] findings merely because there is in the record evidence that at a time three months after the sale it may have acquired a different value. If that were true a confirmation could always be attacked because of a subsequent change in value."). The trial court also indicated that it considered the offer contained in the letter "very contingent," as the potential buyer was not bound by the offer.

[14] See *Griffiths v. Rowe Properties*, 271 Ga. App. 344, 345 (2) (609 SE2d 690) (2005) (request for frivolous appeal penalty denied where appellant's arguments do not appear to have been made unreasonably or in bad faith).

*Weizenecker, Mottern & Fisher, Robert J. Mottern,* for appellant.
*Troutman Sanders, Thomas E. Reilly, Andrea D. Blohm,* for appellee.