A09A1956. STATESBORO BLUES DEVELOPMENT, LLC et al. v. FARMERS AND MERCHANTS BANK.
(690 SE2d 205)

MILLER, Chief Judge.

Statesboro Blues Development, LLC defaulted on a $3,522,500 loan from Farmers and Merchants Bank. The loan was secured by a

[5] *Maples v. State*, 293 Ga. App. 232, 233 (1) (666 SE2d 609) (2008).
[6] *Isaac v. State*, 275 Ga. App. 254, 258 (5) (620 SE2d 483) (2005).

deed to secure debt with respect to 61.26 acres of real property located in Bulloch County (the "Property"). The Bank foreclosed on the Property and sold it at auction on December 2, 2008 to the only bidder, also the Bank, for $2,915,000. The Bank then applied to the superior court for confirmation of the sale pursuant to OCGA § 44-14-161.

Following an evidentiary hearing, the trial court approved and confirmed the foreclosure sale in all respects. Statesboro Blues Development and loan guarantors Hunter M. Chadwick and Donald Alan Clark (collectively, "Blues Development") appeal, contending that the trial court's order was not supported by any evidence in view of its erroneous reliance on the incorrect and flawed opinion of the Bank's expert appraiser.[1] We disagree and affirm because the trial court was entitled to accept the testimony of the Bank's expert as to the true market value of the Property.

> A trial court cannot confirm a foreclosure sale ... unless it is satisfied that the property so sold brought its true market value. True market value is the price that the property will bring when it is offered for sale by one who is not obligated, but has the desire to sell it, and is bought by one who wishes to buy it, but is not under a necessity to do so.

(Citations and punctuation omitted.) *Cartersville Developers v. Ga. Bank & Trust*, 292 Ga. App. 375, 377 (664 SE2d 783) (2008). See OCGA § 44-14-161.

"The trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb its findings if there is any evidence to support them." (Citation omitted.) *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009). Furthermore, "we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment." (Punctuation and footnote omitted.) *Chamblee Hotels v. Chesterfield Mtg. Investors*, 287 Ga. App. 342, 343 (651 SE2d 447) (2007).

So viewed, the evidence shows that the parties stipulated that Remer D. Clifton was an expert in the field of real estate appraisal. According to Clifton, he calculated the value of the Property, a partially completed residential development, using a "cost approach" and a "market approach." Clifton opined that taking both approaches

---

[1] During the hearing, the parties stipulated that the notice, advertisement, and conduct of the sale complied with the requirements of Georgia law, and that the only issue remaining for trial was whether the Property sold for true market value.

into account, the "as-is" value of the property on December 2, 2008 was no more than $2,848,500.[2] Clifton also opined that there was not "any reasonable basis" to conclude that the market value of the property on the date of sale was greater than $2,915,000, the amount paid by the Bank. Blues Development's appraiser, on the other hand, testified that the Property was worth between $3,425,000 and $3,725,000.

Clifton testified that he used comparable sales within the market area in preparing his appraisal. Blues Development argues that Clifton failed to consider several transactions that were also comparable sales, and that Clifton treated other transactions as comparable sales without accounting for the fact that the sales were old or "stale," or involved property that included a large percentage of wetlands, or were between related entities. Blues Development also contends that Clifton failed to confirm certain costs of developing the Property, rendering his opinion "grossly inadequate."

None of Blues Development's arguments shows a basis for reversal. On cross-examination, Clifton explained why the transactions Blues Development alleged to be comparable sales were not comparable sales, why he did not apply an adjustment or discount for remoteness in time for the allegedly "stale" sales, that he did consider wetlands in his analysis, and that "we verify all sales" and believed them to be arms-length transactions. The trial court, as the trier of fact, was entitled to find Clifton's testimony credible and to accept his opinion over that of Blues Development's expert. See *Smith v. Great Southern Fed. Savings Bank*, 192 Ga. App. 386, 387 (3) (385 SE2d 1) (1989).

With respect to costs, Clifton testified that he relied on an estimate given to him by the Bank in calculating the amounts expended by Blues Development in improving the Property. Appellant Clark subsequently testified that Clifton used "grossly inaccurate cost figures." The trial court could have found Clifton, an independent appraiser, more credible than Clark, a party, or that the exact costs expended by Blues Development were not particularly probative of the Property's true market value on December 2, 2008. As Blues Development's appraiser admitted, "what you've spent on the property does not necessarily translate into what it's worth."

In light of the foregoing, we cannot conclude that Clifton's opinion was based on mere speculation. "An expert need not give reasons for an opinion. But, if the expert does give reasons, and it

---

[2] Clifton further testified that the only "real" buyer for the property was a developer, and that a developer would have paid $1,833,000 for the Property on December 2, 2008. The trial court apparently accepted Clifton's opinion, as it referred in its finding of fact to Clifton's testimony that the true market value of the Property was no more than $2,848,500.

appears that the opinion is not based on sheer speculation, then this court cannot second guess the methodology utilized to reach the opinion." (Citations omitted.) *Peachtree Mtg. Corp. v. First Nat. Bank &c.*, 143 Ga. App. 17, 19 (4) (237 SE2d 416) (1977). See *Marett Properties v. Centerbank Mtg. Co.*, 204 Ga. App. 265, 267 (419 SE2d 113) (1992) (for the appellate court, the issue is not whether the appellant's expert appraisal was the most reliable and accurate, but whether the record contains any evidence to support the trial court's finding that the property brought its true market value at the foreclosure sale). Accordingly, the trial court's order is supported by some evidence and must be affirmed. See *Smith*, supra, 192 Ga. App. at 387 (3).

*Judgment affirmed. Andrews, P. J., and Barnes, J., concur.*

DECIDED JANUARY 6, 2010.

*William K. McGowan*, for appellants.
*R. Kenny Stone*, for appellee.