A10A0909. MID-ROC, LLC et al. v. FIRST SOUTHERN
NATIONAL BANK.
(700 SE2d 908)

POPE, Senior Appellate Judge.

Following the confirmation hearing in this nonjudicial foreclosure action, appellants Mid-Roc, LLC; Mission Investment Holdings, L.P.; Mission Investment & Development, Inc.; ROC Enterprises, Inc.; Randy O. Crosby; and Nina Crosby (collectively, "Mid-Roc") appeal from the trial court's order confirming the sale of real property (the "Property") by First Southern National Bank (the "Bank"). Mid-Roc challenges the trial court's factual finding as to the valuation of the Property, contending that the Property was sold for less than its true market value. For the following reasons, we affirm.

The record shows that, following Mid-Roc's default on a promissory note pursuant to which the Bank held a security deed, the Bank instituted foreclosure proceedings on the Property consistent with the terms of the loan documents. After notifying Mid-Roc of the default and of its intent to foreclose on the Property, the Bank properly advertised the pending sale. Pursuant to the power contained in the security deed, the Bank conducted a foreclosure sale at which the Bank itself purchased the Property for a sum of $70,500. The Bank then sought confirmation of the sale pursuant to OCGA § 44-14-161.

Following a hearing, the trial court confirmed the sale. On appeal, Mid-Roc does not challenge the foreclosure procedure, but argues only that the Bank did not establish that the Property sold for its true market value. We disagree.

A confirmation proceeding is the statutory vehicle by which the trial court, sitting as the trier of fact, determines whether a nonjudicial foreclosure sale brought the true market value of the subject property on the date of sale. OCGA § 44-14-161; *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004). The true market value of real property is purely a factual question, and the law imposes upon the trial court a duty to require evidence showing the true market value and not to confirm the sale until such a showing has been made. OCGA § 44-14-161 (b). See *Wilson v. Prudential Indus. Properties*, 276 Ga. App. 180, 180-181 (1) (622 SE2d 890) (2005); *McCain*, 267 Ga. App. at 505. On appeal from a trial court's confirmation order, we do not reweigh the evidence nor judge witness credibility; rather, our sole function is to determine whether the record contains any evidence to support the trial court's decision. See *Blue Marlin Dev. v. Branch Banking &c. Co.*, 302 Ga. App. 120, 122 (1) (690 SE2d 252) (2010); *Tarleton v. Griffin Fed. Savings Bank*, 202 Ga. App. 454 (1) (415 SE2d 4) (1992). Further, we will not second-

guess expert testimony as to valuation unless it appears as though the expert's opinion was based upon "sheer speculation." *Fayette Promenade v. Branch Banking &c. Co.*, 258 Ga. App. 323, 327 (574 SE2d 319) (2002). See *Statesboro Blues Dev. v. Farmers &c. Bank*, 301 Ga. App. 851, 853-854 (690 SE2d 205) (2010).

During the confirmation hearing, the Bank presented evidence from its expert witness, a real estate appraiser with 25 years of relevant experience. She testified that she conducted an inspection of the Property and derived an appraisal value by comparing the Property to three similar properties sold in the previous 12 months, then making adjustments to the sale prices based upon the differences in the compared properties such as square footage, quality of construction, age, and amenities. Based upon her analysis, she concluded that the true market value of the Property was $70,500. A copy of her report was tendered to the trial court.

Mid-Roc presented the testimony of a competing expert witness. According to Mid-Roc's expert, the true market value of the Property was $82,500. The expert testified that he also used the comparable sales method to calculate the Property's value, but admitted that he compared it to properties that were significantly larger in size than the subject Property and made no adjustment for the size differences, and further admitted that he did not use the actual age of the comparable properties in accordance with standard appraisal practices. When asked if he took specific exception to any of the comparables used by the Bank's expert, he stated only that he "respect[s] her opinion."

This record more than supports the trial court's conclusion that the amount paid for the Property at the foreclosure sale represented its true market value on the date of sale. See *Wilson*, 276 Ga. App. at 180-182 (1); *Fayette Promenade*, 258 Ga. App. at 324-327; *Tarleton*, 202 Ga. App. at 454 (1). We therefore affirm the trial court's order of confirmation.

*Judgment affirmed. Barnes, P. J., and Senior Appellate Judge G. Alan Blackburn concur.*

DECIDED SEPTEMBER 10, 2010.

*Savage, Herndon & Turner, Christopher D. Britt*, for appellants.
*Bryan, Cave, Powell & Goldstein, Robert M. D. Mercer, Wendy L. Hagenau*, for appellee.