## 50564, 50565. MINIT CHEK FOOD STORES, INC. v. PLAZA CAPITAL, INC.; and vice versa.

BELL, Chief Judge.

Plaintiff instituted a dispossessory proceeding against the defendant for non-payment of rent. The summons required an answer seven days after service which was made on July 11, 1973. Defendant did not answer by that time but opened the default and answered on August 1, 1973. At the time of answer defendant paid into the registry of the court rent for the months in arrears plus the costs. Defendant also counterclaimed for $1500 for the replacement value of a used sign which had been allegedly removed without authority from the premises by the plaintiff's employees. After trial by the court the trial judge found as a fact that the defendant had failed to pay rent for the months of March, April, May and June (1973) and a writ of possession was granted to plaintiff. As to the counterclaim, the court found the plaintiff removed the sign without authority; that it had a value of $586 and a judgment was entered for defendant for this amount. Defendant appeals and plaintiff cross appeals. *Held:*

*The Main Appeal.* 1. Defendant contends that the court erred in granting the writ of possession because the landlord refused to present a rent check for payment for July 1973 and then utilized that fact as a ground for the dispossessory warrant. There is no evidence in the record to support this contention.

2. Code Ann. § 61-309 provides: "In an action for nonpayment of rent, the tenant shall be allowed to tender, within seven days of the day the tenant was served with the summons . . . to the landlord all rents allegedly owed plus the cost of the dispossessory warrant. Such a tender shall be a complete defense to the action:. . ." Again, there is no evidence that the defendant availed itself of this statutory benefit. The record shows only that rental was paid into the registry of the court as provided for in Code Ann. § 61-304 which authorized the defendant tenant to continue in possession pending the outcome of the litigation.

The judgment on the main appeal is affirmed.

*The Cross Appeal.* 3. On the cross appeal it is

contended that the court's finding of fact and judgment as to the value of the sign is erroneous. We agree. The president of the defendant corporation testified that the sign was originally purchased for $586. An opinion as to value based solely on cost price is inadmissible as it has no probative value and even though admitted without objection is insufficient to support a verdict for that amount. *Hoard v. Wiley,* 113 Ga. App. 328, 334 (147 SE2d 782). Thus the finding of fact as to value and the judgment is not supported by the evidence.

The judgment on the cross appeal is reversed.

*Judgment affirmed on the main appeal; reversed on the cross appeal. Webb and Marshall, JJ., concur.*

ARGUED MAY 5, 1975 — DECIDED JUNE 13, 1975.

*Fine & Block, A. J. Block, Jr., Rollin Mallernee,* for appellant.

*William F. Lozier,* for appellee.