## 57396. SMITH v. FIDELITY FEDERAL SAVINGS & LOAN ASSOCIATION.

DEEN, Chief Judge.

This is an appeal from an order of confirmation of sale after foreclosure under Code § 67-1503 et seq. and particularly Code § 67-1504 which provides that the court shall not confirm unless he is satisfied that the property brought its true market value at the foreclosure sale.

It appears that this property, Phase II of an apartment complex containing 84 units, was appraised immediately prior to the foreclosure proceedings by the appellee's expert for $725,000 and then bought in by the appellee for $726,000. On the trial three appraisers valued it at $725,000, ·$750,000 and $775,000 respectively. The first of these when asked whether it was worth $765,000 at the time of the sale, replied: "No, sir. In our opinion it was worth $725,000. I don't want to leave the Court with the impression that — it is so precise a figure that one couldn't have demanded $720,000 or $730,000. I certainly recognize that appraising is not an exact science, that we attempt to reflect what we find in the marketplace. So I think it's conceivable that the

property could have brought $765,000 although — apparently there is no evidence that anyone was willing to offer that." It should be added that the difference in figures seems to result from the utilization of different methods of arriving at market value.

The appellant, while agreeing with these methods as a theoretical approach, contends that in this case there is exact evidence of the market value of this piece of property, and, that being so, no other method of approach can be used. He bases this upon the fact that Phase I of the complex, a substantially identical group of rental units, sold at approximately the same time for $750,000, that Phase I was two years older than Phase II and had somewhat fewer units, and from these facts he contends that as a matter of law Phase II was worth $750,000 or over.

We do not consider that even testimony of the selling price of an identical piece of property establishes precise market value as a matter of law. There may be only one buyer willing to pay the price offered. There may be other variances — for example, availability of loans, interest rates, and other special requirements, none of which appear in the evidence here. Further, there is testimony that some units of Phase II had been vandalized and needed repairs to put them into rentable condition.

"Direct testimony as to market value is in the nature of opinion evidence." Code § 38-1709. Cost price alone is not sufficient to establish value. *Hoard v. Wiley,* 113 Ga. App. 328, 334 (147 SE2d 782) (1966); *Minit Chek Food Stores, Inc. v. Plaza Capital, Inc.,* 135 Ga. App. 110 (217 SE2d 415) (1975). A juror is not absolutely bound by the opinion of a witness as to value but may exercise his own judgment based upon the evidence as a whole. *Bonds v. Brown,* 133 Ga. 451 (66 SE 156) (1909); *Hogan v. Olivera,* 141 Ga. App. 399, 402 (233 SE2d 428) (1977).

We recognize that in *Federal Deposit Ins. Corp. v. Ivey-Matherly Const. Co.,* 144 Ga. App. 313 (241 SE2d 264) (1977), failure to sell for market value will justify the trial court's declining to confirm the sale, but, as the case also holds, the trial court's determination that the sale reflects "true market value" will be affirmed, where there is no evidence that the sale was chilled or any fraud exerted. No

such combination of circumstances as is condemned in *Giordano v. Stubbs*, 228 Ga. 75 (3) (184 SE2d 165) (1971) (inadequacy of price plus fraud, mistake, misapprehension, suprise or other like circumstances) appears here. We cannot hold that the evidence demands a finding that any foreclosure sale price less than $750,000 is as a matter of law so inadequate as to require reversal.

*Judgment affirmed. McMurray, P. J., and Shulman, J., concur.*

Argued March 7, 1979 — Decided April 9, 1979 —
Rehearing denied April 30, 1979 —

*Morton, Humphries & Payne, J. D. Humphries, III, Ira Rachelson,* for appellant.

*Smith, Cohen, Ringel, Kohler & Martin, William Barwick, John A. Howard,* for appellee.