A91A1252. HSL/LA JOLLA BELVEDERE ENTERPRISES et al.
v. FEDERAL SAVINGS & LOAN INSURANCE CORPORATION.
(411 SE2d 329)

ANDREWS, Judge.

Appellants claim the trial court erroneously confirmed the appellee's sale of real property by non-judicial foreclosure pursuant to OCGA § 44-14-161. All four of appellants' enumerations of error argue that there was a lack of competent evidence to support the trial court's finding that the property sold for at least its true market value at the foreclosure sale.

Appellee foreclosed on its second priority debt deed subject to payment of an existing first mortgage over the property. At the confirmation hearing, appellee presented expert evidence showing the true market value of the property at the time of the foreclosure sale to be $5,100,000. Appellants presented expert testimony that the property had a true market value of approximately $7,000,000. at foreclosure. The attorney who represented appellee at the sale testified that appellee entered the highest bid of $2,223,288. This bid was based on information supplied to the attorney by appellee that the remaining indebtedness on the first mortgage was $2,876,712 which, combined with the bid, equaled the $5,100,000 true market figure used by appellee.

Appellants argue that the attorney's testimony, and the document from appellee on which he relied for the pay-off figure, were hearsay lacking any probative value, and there was no competent evidence proving the amount of the indebtedness on the first mortgage at the time of the foreclosure sale. Assuming appellants' hearsay argument is valid, there was other evidence in the record showing the approximate pay-off on the first mortgage. A real estate agent through which the appellants were attempting to sell the property at the time of the foreclosure, and one of the appellants, testified that the remaining indebtedness on the first mortgage at the foreclosure was between 2.8 and 3 million dollars. This evidence, along with evidence of the amount bid at the sale, was sufficient to enable the trial court to conclude that the amount obtained for the property at foreclosure was at least equal to the $5,100,000 market value asserted by appellee.

"In confirmation proceedings, the superior court sits as a trier of fact, and its findings and conclusions have the effect of a jury verdict. It hears the evidence and its findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the superior court is the judge of the credibility of the witnesses and of the weight to be given the evidence. Although appellants present a serious challenge to the

means by which the creditor's expert arrived at his opinion as to value, the expert provided the court with the basis for his opinions. As it appears that his opinion was not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. The superior court . . . had sufficient data in evidence upon which it could apply its own knowledge and ideas so as to derive its own opinion as to the market value of the [property] at the time of the sale." (Punctuation and citations omitted.) *Armstrong v. Cal. Fed. Savings &c. Assn.*, 192 Ga. App. 508, 509 (385 SE2d 113) (1989). There was no error in the trial court's failure to grant appellants' motion for involuntary dismissal pursuant to OCGA § 9-11-41 (b). The evidence was sufficient to support the trial court's order of confirmation finding that the property sold for at least its fair market value, and that the notice, advertisement and sale were properly conducted. *Guthrie v. Bank South*, 195 Ga. App. 123, 125-126 (393 SE2d 60) (1990).

*Judgment affirmed. Sognier, C. J., and McMurray, P. J., concur.*

DECIDED SEPTEMBER 27, 1991 —
RECONSIDERATION DENIED OCTOBER 9, 1991 —

*Peterson, Young, Self & Asselin, S. Lawrence Polk, Thomas O. Marshall*, for appellants.

*Glass, McCullough, Sherrill & Harrold, R. Philip Shinall III, L. James Weil, Jr.*, for appellee.