A91A1449. PETERSON v. FIRST NATIONAL BANK OF ATLANTA.
(412 SE2d 579)

CARLEY, Presiding Judge.

Acting pursuant to the power contained in a deed to secure debt, appellee-creditor conducted the foreclosure sale of real property. Appellee then sought confirmation of the sale pursuant to OCGA § 44-14-161. After a hearing, the superior court confirmed the sale and appellant-debtor appeals from that order of confirmation.

1. Appellant enumerates the general grounds, urging that the property had not been sold for its true market value.

The record shows the following: The property was sold at the foreclosure sale for less than appellant had paid two years earlier. However, the superior court was authorized to find that the real estate market was depressed at the time of the foreclosure sale. *Alaska Southern Co. v. First Nat. Bank of Gainesville*, 161 Ga. App. 241 (288 SE2d 315) (1982). Although it was less than the price that appellant had paid, the price that had been obtained at the foreclosure sale was, in the opinion of appellee's appraiser, the true market value of the property at the time.

" ' "In confirmation proceedings, the (superior court) sits as a trier of fact, and (its) findings and conclusions have the effect of a jury verdict. (It) hears the evidence and (its) findings based upon conflicting evidence should not be disturbed by a reviewing court if there is any evidence to support them. (Cits.) What value is, or may have been, is a question of fact to be resolved as others are. In so doing, the (superior) court is the judge of the credibility of the witnesses and of the weight to be given the evidence. (Cits.)" (Cits.)' [Cit.] 'Although [appellant presents certain challenges] to the means by which [appellee's] expert arrived at his opinion as to value, the expert provided the court with the basis for his opinions. (As) it appears that his opinion (was) not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. (Cits.)' [Cit.] 'The superior court . . . had sufficient data in evidence upon which (it) could apply (its) own knowledge and ideas so as to derive (its) own opinion as to the market value of the project at the time of the sale.' [Cit.] There being sufficient competent evidence to support the superior court's conclusion that . . . the price brought at foreclosure was at least the true market [value] of [the property], the enumeration of the general grounds is without merit." *Armstrong v. Cal. Fed. Savings &c. Assn.*, 192 Ga. App. 508, 509 (2) (385 SE2d 113) (1989). "In this case, the trial court accepted one appraiser's opinion over another's, and we will not disturb that decision." *Smith v. Great Southern Fed. Savings Bank*, 192 Ga. App. 386, 387 (3) (385 SE2d 1) (1989).

2. Appellant contends that the doctrine of promissory estoppel barred appellee from seeking confirmation of the sale.

Pursuant to the Fair Debt Collection Practices Act, 15 USC § 1692 et seq., the letter from appellee's counsel which formally notified appellant of the default contained the following notice: "If you dispute the debt in writing to me within 30 days of receiving this notice, I will send you a verification of the debt." There is considerable doubt whether the federal statute has any applicability to appellant's debt to appellee. See *King v. Amoco Oil Co.*, 182 Ga. App. 838, 840 (3d)

(357 SE2d 291) (1987). In any event, the notice has no bearing whatsoever in this confirmation proceeding. "Except as to the confirmed amount of the sale, [a confirmation order] does not establish the liability of any party with regards to the indebtedness." *Harris & Tilley, Inc. v. First Nat. Bank of Cartersville*, 157 Ga. App. 88, 91 (5) (276 SE2d 137) (1981). " '(T)he duty of the court is to test the fairness of the technical procedure of the actual sale and to insure that the sale has brought at least the true market value of the property. The statute does not contemplate that the court shall undertake to decide controversies between the parties as to the amount of the debt or side agreements which could have been the basis of an injunction preventing the foreclosure sale.' [Cits.] Issues which go to the heart of the underlying obligation itself should be raised within the confines of a subsequent suit for a deficiency judgment. Since appellant's argument . . . cannot properly be considered within the narrow statutory context of confirmation proceedings, the trial court [did not err]. [Cit.]" *Alexander v. Weems*, 157 Ga. App. 507-508 (1) (277 SE2d 793) (1981). See also *Guthrie v. Bank South, Douglas*, 195 Ga. App. 123, 125 (3) (393 SE2d 60) (1990).

*Judgment affirmed. Beasley, J., and Judge Arnold Shulman concur.*

DECIDED NOVEMBER 5, 1991.

Andersen, Davidson & Tate, Gerald Davidson, Jr., William M. Ray II, for appellant.
Hearn & Childers, Eugene M. Benton, for appellee.