A07A1321. CHAMBLEE HOTELS, LLC et al. v. CHESTERFIELD MORTGAGE INVESTORS, INC. et al.

(651 SE2d 447)

MIKELL, Judge.

Chamblee Hotels, LLC, Charles Morais, and Sarwir Hansa appeal the trial court's confirmation of a foreclosure sale carried out by their lender, Chesterfield Mortgage Investors, Inc. ("Chesterfield"), alleging that the property was sold for less than its true market value. The property was sold to Chesterfield for $2,700,000, and Chesterfield applied for confirmation of the foreclosure sale under OCGA § 44-14-161 (a). After a hearing on Chesterfield's application, the trial court approved the sale. For reasons that follow, we affirm.

In two related enumerations, appellants contend that the trial court erred in confirming the sale because Chesterfield's evidence of the true market value of the property was insufficient. In this regard, appellants claim that (1) the trial court merely picked among the contending figures proffered by the respective expert witnesses,

---

ignoring the requirements of OCGA § 44-14-161 (b), and (2) the appraisal prepared by Chesterfield's expert was defective and blatantly wrong.

In confirming a nonjudicial foreclosure sale under OCGA § 44-14-161, the trial court "shall require evidence to show the true market value of the property sold under the powers and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale."[1] In such proceedings, the trial court sits as the trier of fact, and its findings and conclusions have the effect of a jury verdict.[2] Thus, we will not disturb the trial court's decision if there is any evidence to support it.[3] Additionally, "we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment."[4]

In this case, Chesterfield was the only bidder at the foreclosure sale on April 5, 2005, and purchased the property for $2,700,000. At the confirmation hearing, Chesterfield's expert witness in the area of real estate appraisal, Kayla Schlemmer, explained that the property is a former Days Inn hotel, built in 1988, which lost its franchise designation sometime after 1999. Using the sales comparison approach to appraise the property, Schlemmer opined that its value as of the date of the foreclosure sale was $2,700,000. Schlemmer confirmed that the loss of a franchise designation affected the value, resulting in a "downward adjustment to the comparable sales." She also explained that she did not use the income or cost approaches to appraise the property because (1) she had no information available on the income of the hotel, and (2) the cost approach becomes a "less significant approach to value when an asset is older."

Appellants' expert witnesses all disputed Schlemmer's appraisal. Morais, a principal owner of the property, testified that in January 2005, he received an offer of $4,400,000 for the property, and that the property had a true market value in excess of $2,700,000. Peggy Ann Browning, a real estate broker, opined that the value of the property in April 2005 was $3,630,000. On cross-examination, Browning acknowledged that she had done no preparation prior to the hearing and that her opinion was based on her experience and 25 years in the business of buying and selling hotels. Helen Zaver, also a real estate broker specializing in hotels, opined that the true market value was $3,650,000, but acknowledged that her opinion was not based on comparable sales prior to April 2005, when the hotel

---

[1] OCGA § 44-14-161 (b).

[2] See *Wilson v. Prudential Indus. Properties*, 276 Ga. App. 180 (1) (622 SE2d 890) (2005), citing *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004).

[3] *Oates v. Sea Island Bank*, 172 Ga. App. 178 (1) (322 SE2d 291) (1984).

[4] (Citation omitted.) *McCain*, supra.

market was "suffering drastically." Terrence Love, a licensed real estate appraiser who inspected the property on March 30, 2006, testified that Schlemmer's figure was not an accurate valuation of the property in 2005, but that he had not formed an opinion as to the fair market value of the property on April 5, 2005. Love challenged Schlemmer's testimony that the value of the property had to be discounted because it did not have a franchise designation and also testified that an extended-stay hotel may operate better without a franchise designation. The trial court determined that Schlemmer's appraisal was the most credible and confirmed the sale.

We first address the second prong of appellants' argument and find it without merit. Appellants claim that Schlemmer's opinion was defective for several reasons, including that she valued the property as a short-term stay hotel rather than an extended-stay hotel, and that she had no personal knowledge that the property had lost its franchise designation, a factor appellants claim benefits an extended-stay hotel. These issues were in dispute throughout the hearing[5] and appellants essentially seek to reargue the evidence presented to the trial court. Schlemmer stated her opinion as to the fair market value of the property at the time of the sale and explained her methodology. Appellants thoroughly cross-examined her on that opinion and challenged its alleged flaws.

> Although appellants present a serious challenge to the means by which [Schlemmer] arrived at [her] opinion as to value, [Schlemmer] provided the court with the basis for [her] opinions. As it appears that [her] opinion was not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach the opinion. [The trial court] had sufficient data in evidence upon which it could apply its own knowledge and ideas so as to derive its own opinion as to the market value of the property at the time of the sale.[6]

Thus, the trial court was authorized to find that the true market value of the property at the time of the sale was $2,700,000.

---

[5] Morais stated that the property always was an extended-stay hotel, even when it was a Days Inn franchise. Browning and Zaver, neither of whom inspected the property prior to the sale, stated that the property did not have a franchise designation, and was never totally franchised as an extended-stay property.

[6] (Punctuation omitted.) *HSL/La Jolla Belvedere Enterprises v. Fed. S & L Ins. Corp.*, 201 Ga. App. 447 (411 SE2d 329) (1991), citing *Armstrong v. California Fed. S & L Assn.*, 192 Ga. App. 508, 509 (2) (385 SE2d 113) (1989). See also *Peterson v. First Nat. Bank of Atlanta*, 201 Ga. App. 762, 763 (1) (412 SE2d 579) (1991).

Similarly, we also reject the first prong of appellants' argument, which challenges the manner in which the trial court weighed the evidence. The trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence.[7] Moreover, we will not disturb the trial court's decision to accept one appraiser's opinion over another's.[8] Here, although appellants' experts testified that the true market value was not $2,700,000, the trial court clearly found these explanations lacking in credibility given that they were based on incomplete valuation methodologies and belated inspections of the property. The evidence was sufficient to support the trial court's order confirming the sale.

*Judgment affirmed. Johnson, P. J., and Phipps, J., concur.*

DECIDED AUGUST 3, 2007 —
RECONSIDERATION DENIED AUGUST 24, 2007 — 

*Fine & Block, Kenneth I. Sokolov, Weinstock & Scavo, Michael Weinstock, James G. Anderson, Vincent R. Russo*, for appellants.

*Schreeder, Wheeler & Flint, Debbie A. Wilson, John A. Christy*, for appellees.

---

[7] See *McCain*, supra; *HSL/La Jolla*, supra.

[8] See *Peterson*, supra.