## A11A1356. EAYRS et al. v. WELLS FARGO BANK, N.A.
## A11A1357. ROYALTY PROPERTIES, LLC et al. v. WELLS FARGO BANK, N.A.
### (716 SE2d 561)

McFADDEN, Judge.

This is an appeal of an order confirming the sale at foreclosure of three buildings in a Gwinnett County office park. The appellants argue that the superior court erred by limiting the admission of evidence of the properties' value to only the value on the date of the foreclosure sale, but they asked for such a limitation. They argue that the superior court erred by considering hearsay evidence, but we presume that the court considered only admissible evidence at this bench hearing. Contrary to the appellants' argument, there is no indication that the superior court disregarded their expert's evidence. Further, although the appellants challenge the reliability of certain expert testimony, the expert explained the basis of his opinion, and we cannot second-guess his methodology. Finally, the appellants have failed to show that the repeated advertisement of the foreclosure sale chilled the bidding process. For these reasons, we affirm.

Wells Fargo Bank's predecessor in interest lent money to Royalty Properties, LLC and Janis Eayrs to purchase the office buildings, and the borrowers granted security deeds to the properties. Ernest Eayrs, Allan Eayrs, William Asma and Janis Eayrs guaranteed Royalty's obligation, and Ernest Eayrs, Allan Eayrs and William Asma guaranteed Janis Eayrs's obligation. The appellants defaulted, and Wells Fargo began foreclosure proceedings. Wells Fargo advertised the properties for sale for four weeks in June and July 2010, ultimately resulting in their sale on July 6, 2010. Wells Fargo also had advertised the properties during the months of December 2009, January 2010, February 2010, March 2010 and May 2010. It reported the sales to a judge of the Gwinnett County Superior Court and applied for confirmation. Following a hearing, the superior court issued a confirmation order that included findings of fact and conclusions of law. These appeals followed; we are considering the two appeals together because they raise the same issues, and the superior court resolved the cases in a single order.

1. The appellants argue that the superior court erred by concluding that, under OCGA § 44-14-161 (b), the parties were limited to introducing evidence of the properties' value on only the date of the foreclosure sale. That statute provides:

> The court shall require evidence to show the true market value of the property sold under the powers [contained in security deeds] and shall not confirm the sale

unless it is satisfied that the property so sold brought its true market value on such foreclosure sale.

At the confirmation hearing, the appellants moved in limine to exclude from evidence Wells Fargo's property condition report prepared by David Winitt on August 17, 2010. The appellants argued that Winitt had not inspected the properties until three weeks after the July 6 foreclosure sale, and his report therefore was not probative and relevant to the issue of whether the properties brought their true value at the foreclosure sale. Additionally, the appellants asked the court to exclude Wells Fargo's post-sale appraisal prepared by their expert, Michael Barrow, because it relied on Winitt's post-sale property condition report. The appellants argued that such evidence was not probative or relevant to the true market value at the date of the foreclosure sale.

The superior court granted the motion to the extent of preventing the introduction of evidence of the properties' condition post-sale, unless a witness could testify that the same condition existed at the time of the sale. The court ruled that, because Wells Fargo did not intend to call Winitt to testify, the parties could cross-examine Barrow to determine the basis of his opinion. When Wells Fargo pointed out that the date of the appellants' appraisal was August 18, 2010, weeks after the July 6, 2010, foreclosure sale, the court ruled, "Same thing, the experts will have to give an opinion as to the value of the property on the date of the sale."

The appellants argue that the superior court "erred in narrowly construing [OCGA § 44-14-161 (b)] by stating that the evidence concerning the true market value of the property must specifically be as of the date of the foreclosure sale, July 6, 2010." Rather, the appellants contend, evidence of a property's value before and after the foreclosure sale is admissible. It is true that a superior court may consider a property's value at times close to the date of sale to arrive at the market value at the time of the sale. See *Thompson v. Maslia*, 127 Ga. App. 758, 764 (4) (195 SE2d 238) (1972) ("What it may have brought or what it may have been regarded as being worth on the market at times relatively close to the date of sale may be considered as aids in arriving at market value *at the time of sale* — which is what the court is charged with determining in granting or denying an order of confirmation.") (emphasis in original). But "[a] party cannot claim error where he himself committed or invited the error." (Punctuation omitted.) *Adamson v. Gen. Elec. Co.*, 303 Ga. App. 741, 743 (2) (694 SE2d 363) (2010). The appellants specifically argued to the superior court that Wells Fargo's evidence should be excluded because the condition of the property after the foreclosure sale was not relevant to the true market value at the time of the sale.

506

Therefore, assuming that the superior court erred, the appellants induced the error and cannot complain on appeal. In any event, as discussed below in Division 4, the appellants have not shown that the superior court disregarded their expert's testimony for valuing the property as of August 18, 2010.

2. The appellants also argue that Barrow's appraisal was based on Winitt's property condition report and therefore contained hearsay. But based on the superior court's ruling, Barrow limited his testimony, which included his opinion of value, to what he had observed before the foreclosure sale — and before Winitt had prepared the condition assessment report. Further, the superior court expressly invited the appellants to cross-examine Barrow about the basis of his opinions to verify that they were not based on Winitt's report. It also admitted Barrow's appraisal subject to its ruling on the motion in limine. Moreover, when the superior court sits as the finder of fact, we presume that the superior court "separated admissible evidence from inadmissible evidence and considered only the former in reaching its judgment." *Watson v. State*, 274 Ga. 689, 691 (3) (558 SE2d 704) (2002).

3. The appellants argue that the superior court erred in admitting Wells Fargo's appraisal, which included the condition assessment report, in spite of its rulings excluding testimony based upon that report. The superior court overruled the appellants' objection to the admission of the appraisal and held that the defects would go to its weight, not its admissibility. We presume that the superior court, as factfinder, separated the admissible evidence from the inadmissible evidence and based its judgment on the admissible evidence. *Watson*, supra.

4. The appellants assert that Wells Fargo violated a stipulation the parties entered concerning the appellants' expert. In that stipulation, Wells Fargo "waive[d] any and all objections to the notice, taking of and use at trial of the deposition of Craig Butterfield as an expert witness by and for the [appellants] in this foreclosure confirmation proceeding." The appellants contend that Wells Fargo violated the stipulation when, in response to the court's ruling on the appellants' motion in limine, it pointed out to the court that Butterfield's appraisal was dated August 18, 2010, and in its written closing argument in which it asserted that the superior court should not consider Butterfield's appraisal report and deposition testimony since he gave his opinion of value as of August 18.

This argument lacks merit. First, the superior court judge stated at the hearing that she would read Butterfield's deposition "from start to finish." The appellants point to nothing indicating that the superior court did not consider the deposition and its attached appraisal. Second, the appellants did not raise this issue before the

superior court. "It is well established that this Court is limited to considering only those grounds raised and ruled on below by the trial court and may not consider a basis for appeal not presented at the trial level." (Punctuation omitted.) *Capital Land USA v. Mitsubishi Motors Credit &c.*, 308 Ga. App. 71, 73 (1) (706 SE2d 590) (2011).

5. The appellants argue that Barrow's testimony was based upon speculative methodology and stale data and thus did not establish the properties' fair market value. They argue that Barrow's written appraisal report was based on hearsay, as it was based on Winitt's property condition report. At the hearing, however, Barrow gave his opinion as to the value without taking Winitt's report into account. The appellants argue that, nonetheless, this testimony was later contradicted and supplemented with his written report, which was admitted into evidence. As noted above, we presume the superior court separated the admissible evidence from the inadmissible evidence and based its judgment on the admissible evidence. *Watson*, supra.

The appellants argue that Barrow's use of the capitalization of net income methodology to determine value was speculative because he used the "band of investment method," which was not based on actual market date. They assert that his analysis of the capitalization of net income was speculative because he arbitrarily picked an equity dividend rate. However, Barrow explained the basis for his methodology and testified about the sources upon which he relied.

The appellants also assert that Barrow's comparable sales methodology was speculative because he used stale sales and market listings. Noting the difficulty in finding recent sales in the depressed real estate market, Barrow testified that he nonetheless found and used two sales that occurred in 2010, one that occurred in 2009, and three that occurred in mid to late 2008. He also looked at two listings.

We do not judge witness credibility or weigh the evidence, and we will not disturb a superior court's finding that property sold for its true market value if there is any evidence to support that decision. *Atreus Communities &c. v. KeyBank Nat. Assn.*, 307 Ga. App. 716, 717 (706 SE2d 107) (2011).

> [A]lthough appellants present a serious challenge to the means by which [Barrow] arrived at his opinion as to value, [Barrow] provided the court with the basis for his opinions. As it appears that his opinion was not based on sheer speculation, an appellate court cannot second[-]guess any methodology utilized to reach the opinion. The superior court had sufficient data in evidence upon which it could apply its own knowledge and ideas so as to derive its own

opinion as to the market value of the property at the time of the sale.

(Punctuation omitted.) *The Hudson Trio, LLC v. Buckhead Community Bank*, 304 Ga. App. 324, 329 (2) (696 SE2d 372) (2010). See also *Statesboro Blues Dev. v. Farmers &c. Bank,* 301 Ga. App. 851 (690 SE2d 205) (2010) (superior court was entitled to find expert's testimony credible and to accept his opinion when he explained why he did not apply an adjustment or discount for remoteness in time for allegedly stale comparable sales).

> On appellate review, the test is not whether this court would have accepted appellant's expert appraisals as the most reliable and accurate, but whether the record contains any evidence to support the findings of the trial court that the property brought its true market value at the foreclosure sale.

(Punctuation omitted.) *Hudson Trio*, supra at 328 (2). We conclude that some evidence supports the superior court's findings.

6. The appellants argue that Wells Fargo chilled the foreclosure process by scheduling and cancelling five successive sales over a six-month period. They elaborate that the net effect was that the properties continued to decline in value. Consequently, at the time the property finally sold, the value was lower than it would have been had the property sold in 2009. "The issue in a confirmation proceeding is whether the property sold brought, *at the time of the sale sought to be confirmed*, its true market value; what the property may have brought or what it may have been regarded as being worth on the market at a time relative to the sale is not controlling." (Footnote omitted; emphasis in original.) *Kong v. Shearson Lehman Hutton Mtg. Corp.*, 211 Ga. App. 93, 95 (438 SE2d 132) (1993). The appellants have not shown that Wells Fargo's scheduling and cancelling the foreclosure sale caused the properties to bring in less than their fair market value on the date of the sale.

*Judgment affirmed. Phipps, P. J., and Andrews, J., concur.*

DECIDED AUGUST 24, 2011.

*Seacrest, Karesh, Tate & Bicknese, Edwin A. Tate II*, for appellants.

*Seyfarth Shaw, Paul M. Baisier, Sara M. LeClerc, Stephanie H. Philips,* for appellee.