**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

**NOTICE: Motions for reconsideration must be**
***physically received* in our clerk's office within ten**
**days of the date of decision to be deemed timely filed.**
**(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)**
**http://www.gaappeals.us/rules/**

**June 26, 2012**

# In the Court of Appeals of Georgia

A12A0191. REF DEVELOPMENT, INC. et al. v. FIRST CITIZENS     MC-009
    BANK AND TRUST COMPANY, INC.

MCFADDEN, Judge.

This is an appeal from a judicial confirmation of a foreclosure sale. Because there is evidence supporting the trial court's decision, we affirm.

On March 2, 2010, First Citizens Bank and Trust Company, Inc., foreclosed on property securing a loan that had been made to REF Development, Inc., and that had been guaranteed by Larry Thompson and Philip Adelsheimer. First Citizens was the only bidder at the foreclosure sale, purchasing the property for $1,402,750. On March 31, 2010, First Citizens filed its report of sale and petition for confirmation of the foreclosure sale in the superior court. On April 1, 2011, the trial court held a confirmation hearing, at which the parties stipulated to the regularity of the sale and

agreed that the only remaining issue was the true market value of the property at the time of the foreclosure sale. The parties then presented competing expert testimony as to value, with the bank's appraiser opining that the property's true market value was $1,335,000, and the expert for REF, Thompson and Adelsheimer concluding that the property's value was $1,695,000. At the conclusion of the hearing, the trial court announced that after considering all the evidence, including the experts' testimony, it would confirm the foreclosure sale. The court subsequently entered its confirmation order, finding that the true market value of the property was $1,335,000 and that the bank's bid of $1,402,750 was thus at least equal to the fair market value of the property. REF, Thompson and Adelsheimer appeal.

1. The appellants claim that the trial court's finding that the property sold for its fair market value is not supported by any evidence. The argument is without merit.

> Value on the date of sale is a factual question to be resolved by the trier of fact, which is the judge in a confirmation proceeding. The trial judge's findings and conclusions have the effect of a jury verdict and when that finding is based upon conflicting evidence, it should not be disturbed by a reviewing court if there is any evidence to support it. Further, we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment.

(Citations omitted.) *McCain v. Galloway*, 267 Ga. App. 505 (600 SE2d 449) (2004).

In this case, First Citizens introduced appraisal reports of the property's value as well as expert testimony from the real estate appraiser who prepared those reports. The appraiser explained his methodologies, described the facts used in his appraisals, and gave his opinion that the fair market value of the property was $1,335,000. Thus, contrary to the appellants' argument, there is some evidence to support the trial court's finding that the property sold for at least its true market value. And this "court will not disturb [such] findings if there is any evidence to support them." (Citation omitted.) *Nash v. Compass Bank*, 296 Ga. App. 874, 875 (676 SE2d 28) (2009). Compare *Belans v. Bank of America*, 303 Ga. App. 35, 38-39 (2) (692 SE2d 694) (2010) (no evidence to support finding of fair market value where appraiser who prepared appraisal reports did not testify).

The appellants' further arguments concerning the bank appraiser's methods and analysis are nothing more than challenges to the credibility of the expert witness and the weight to be given his testimony. However, as recited above, those were matters to be resolved by the trial judge, as the trier of fact in the confirmation proceeding; on appeal, this court does not determine witness credibility or re-weigh the evidence. *McCain*, supra. Furthermore, because the appraiser's "opinion was not based on sheer speculation, an appellate court cannot second guess any methodology utilized to reach

3

the opinion." (Citations omitted.) *Chamblee Hotels v. Chesterfield Mortgage Investors*, 287 Ga. App. 342, 344 (651 SE2d 447) (2007).

2. The appellants contend that the trial court erroneously ignored the testimony of their expert because he did not bring his file to the courtroom. But there is nothing in the record to indicate that the trial court ignored the testimony of the appellants' expert. Rather, in its confirmation order, the trial court expressly indicated that it had reviewed "the evidence presented at the hearing." Moreover, before announcing his ruling at the end of the hearing, the trial judge stated, "I've heard all the evidence, and I've heard from the experts and the other witnesses that have testified. . . . I've got competing experts as far as what the value is." Thus, it is apparent from the record that the trial court properly considered all the evidence, including the testimony of the appellants' expert, prior to making its final ruling. See *Blue Marlin Development v. Branch Banking & Trust Co.*, 302 Ga. App. 120, 123-124 (3) (690 SE2d 252) (2010) (no evidence that trial court ignored appraisal of appellant's expert).

While the trial court did not ignore the testimony of the appellants' expert, it is clear that the trial court found his testimony to be less credible than that of the bank's expert. The trial judge explained, "And one of the experts lists all his bases for his expert opinion in his report. The other expert reaches a conclusion, and says the

4

basis of his opinion is in his file at home. That makes it kind of hard for me when I'm judging the credibility of the two witnesses to really find them on equal footing." Contrary to the appellants' contention, the trial court committed no error in finding one expert to be more credible than the other because he provided the court with more thorough bases for his opinion. "The trial court is the judge of the credibility of the witnesses and of the weight to be given the evidence. Moreover, we will not disturb the trial court's decision to accept one appraiser's opinion over another's." (Citations omitted.) *Chamblee Hotels*, supra at 345.

3. The appellants' complaint that the trial court improperly ignored Thompson's testimony as to the value of the property is belied by the record. As recounted above in Division 2, the final order and the trial judge's statements at the conclusion of the confirmation hearing clearly show that the trial court considered all the witnesses' testimony. Indeed, prior to announcing its ruling at the end of the hearing, the trial judge specifically referred to Thompson's testimony. Thus, "no evidence shows that the trial court disregarded [Thompson's] appraisal." *Blue Marlin Development*, supra.

4. The appellants claim that the trial court erred in finding that the bank's bid of $1,402,750 was at least the true market value of the property because that bid

5

included an unidentified amount for personal property. However, the amount for personal property included in the final bid was not unidentified, and instead that amount was clearly identified as being $1,000. Evidence presented at the hearing, including witness testimony and the stipulated admission of a certified copy of the deed under power of sale, unequivocally established that the final bid amount of $1,402,750 was allocated as paying $1,401,750 for real property and $1,000 for personal property. Accordingly, we find no error. Compare *Hinson v. First Nat. Bank in Waycross*, 221 Ga. 408, 411-412 (4) (144 SE2d 765) (1965) (absent evidence of how lump sum was allocated to pay for real and personal property, court could only speculate as to whether amount attributable to real property was equal to its true market value).

*Judgment affirmed. Barnes, P. J., and Adams, J., concur.*