**FIRST DIVISION**
**PHIPPS, C. J.,**
**ELLINGTON, P. J., and BRANCH, J.**

NOTICE: Motions for reconsideration must be
*physically received* in our clerk's office within ten
days of the date of decision to be deemed timely filed.
http://www.gaappeals.us/rules/

**March 28, 2014**

# In the Court of Appeals of Georgia

A13A1728; A13A1729. LRD, LLC et al. v. STATE BANK AND
   TRUST COMPANY; two cases.

PHIPPS, Chief Judge.

These appeals are from orders confirming the foreclosure sales of two parcels
of real property purchased by LRD, LLC. At issue is whether the lender proved the
parcels' true market values as of the date of the foreclosure sales. We find that the
evidence was sufficient, and affirm.

On July 6, 2010, State Bank and Trust Company ("State Bank") foreclosed on
two parcels of real property[1] that had served as security for loans made to LRD, LLC,
and guaranteed by several individuals, including Leo Owens, Ralph Barlow, and

---

[1] The parcel purchased by LRD, LLC in April 2006 ($5.2 million note) is
referred to herein as Parcel 1. The parcel purchased by LRD, LLC in August 2007
($1.4 million note) is referred to herein as Parcel 2.

Joseph Hession.[2] State Bank was the highest bidder at the foreclosure sales, paying $1,706,250 for Parcel 1 and $625,800 for Parcel 2. Before the foreclosure sale, in May 2010, LRD owed $4,108,881 (principal) on Parcel 1, and $1,400,250 (principal) on Parcel 2.

State Bank filed in superior court an application to confirm the sales,[3] naming LRD and the guarantors (collectively hereafter, "LRD") as respondents. At the confirmation hearing, State Bank called as a witness an expert in real estate appraisal. The expert opined that the true market value of Parcel 1 was $1,625,000, and the true market value of Parcel 2 was $596,000. The expert affirmed that the "effective date of values" for both parcels was June 1, 2010. The court entered orders confirming the sales, finding that the true market value of Parcel 1 at the time of the foreclosure sale was $1,706,250 (the amount for which the parcel sold at foreclosure); and that the true market value of Parcel 2 at the time of the sale was $596,000 (with a foreclosure

---

[2] Other guarantors are not parties to this appeal. The security deeds were initially given to Security Bank of Bibb County, then assigned to State Bank.

[3] See OCGA § 44-14-161 (a), pertinently providing that when real estate is sold on foreclosure, without legal process, and under powers contained in security deeds, and at the sale the real estate does not bring the amount of the debt secured by the deeds, no action may be taken to obtain a deficiency judgment unless the person instituting the foreclosure proceedings shall report the sale to the judge of the superior court for confirmation and approval.

2

sale price of $625,800). The court concluded that the sales were valid, and confirmed them.

LRD contends that the trial court erred by confirming the foreclosure sales because State Bank failed to prove the true market values of the parcels as of the sale date. LRD concedes that "[State Bank] presented . . . evidence at the lower court hearing as to the value of Parcel 1 and Parcel 2 *as of June 1, 2010*," but asserts that "no evidence whatsoever was presented that the appraised values of those Parcels on June 1, 2010 remained the same on July 6, 2010 (5 weeks later)," the date of the foreclosure sales.[4]

Under OCGA § § 44-14-161 (a) and (b), the superior court shall require evidence to show the true market value of the property sold under the powers contained in security deeds, mortgages, or other lien contracts, and shall not confirm the sale unless it is satisfied that the property so sold brought its true market value on such foreclosure sale. "[A] superior court may consider a property's value at times *close to* the date of sale to arrive at the market value at the time of the sale."[5]

---

[4] LRD does not challenge the validity of the sales in any other respect; we limit our review in these appeals to the challenge made.

[5] *Eayrs v. Wells Fargo Bank*, 311 Ga. App. 504, 505 (1) (716 SE2d 561) (2011) (citation omitted; emphasis supplied).

What [the property] may have brought or what it may have been regarded as being worth on the market at times relatively close to the date of sale may be considered as aids in arriving at market value at the time of sale - which is what the court is charged with determining in granting or denying an order of confirmation.[6]

Value on the date of sale is a factual question to be resolved by the trier of fact, which is the judge in a confirmation proceeding. The trial judge's findings and conclusions have the effect of a jury verdict and when that finding is based upon conflicting evidence, it should not be disturbed by a reviewing court if there is any evidence to support it. Further, we do not determine witness credibility or weigh the evidence and we view the evidence in the light most favorable to the trial court's judgment.[7]

Regarding true market value, the mortgagee bears the burden of proof, and the judge is vested with considerable discretion.[8]

At the hearing, State Bank introduced appraisal reports of the properties' values as of June 1, 2010, as well as expert testimony from the certified real estate

---

[6] *Thompson v. Maslia*, 127 Ga. App. 758, 764 (4) (195 SE2d 238) (1972) (emphasis omitted); *Royal Crown Props. v. Regions Bank*, 306 Ga. App. 568, 571, n. 3 (703 SE2d 36) (2010).

[7] *REF Dev. v. First Citizens Bank & Trust*, 316 Ga. App. 391 (1) (729 SE2d 535) (2012) (citation omitted).

[8] *Thompson*, supra at 762 (2).

appraiser who prepared the reports. The appraiser explained his methodologies in detail, described the factors and calculations used in his appraisals, and gave his opinion about the fair market values of the parcels as of June 1, 2010. He noted that, compared to 2007, the real estate market had changed dramatically; that in 2008 the market had declined, which it continued to do through 2010, "demand [had] dried up," and "land values [had taken] a downward turn."

In this case, there was evidence of the parcels' value about five weeks before the foreclosure sales occurred. Thus, the appraisal date was "relatively close to the date of [the foreclosure] sales," which was sufficient.[9] Notably, direct testimony as to market evidence is in the nature of opinion evidence, and a trier of fact is not absolutely bound by the opinion of a witness as to value, but may exercise its own judgment based upon the evidence as a whole.[10] "[T]he superior court . . . had sufficient data in evidence upon which it could apply its own knowledge and ideas

---

[9] See id. at 764 (4); *Royal Crown Props.*, supra at 570-571 (1) (affirming confirmation order where expert's appraisal was two months old at the time of the foreclosure sale); *Eayrs*, supra at 506 (1), 507-508 (5) (affirming confirmation order despite debtors' claim that the true market value appraisals were based on "stale" market data).

[10] *Smith v. Fidelity Fed. Sav. & Loan Assn.*, 149 Ga. App. 730, 731 (256 SE2d 43) (1979).

5

so as to derive its own opinion as to the market value of the property at the time of the sale,"[11] which occurred just weeks after the appraisal date. Finally, there was no evidence that the sale was chilled or that any fraud was exerted.[12]

Although LRD asserts that there was conflicting evidence, "the trial court is the trier of fact in a confirmation proceeding, and an appellate court will not disturb [the trial court's] findings if there is any evidence to support them"[13]; "[w]hat value is, or may have been, was a question of fact to be resolved as others are."[14] As there was some evidence to support the trial court's findings, the judgments must be affirmed.[15]

*Judgments affirmed. Ellington, P. J., and Branch, J., concur.*

---

[11] *LaRonde v. Amsouth Bank of Fla.*, 203 Ga. App. 400, 401 (1) (416 SE2d 881) (1992) (citation and punctuation omitted).

[12] See *Smith*, supra at 731-732 (affirming confirmation order but noting that the failure to sell property for market value will justify the trial court's declining to confirm the sale, where there was inadequacy of price plus fraud, mistake, misapprehension, surprise or other like circumstances).

[13] *Blue Marlin Dev. v. Branch Banking & Trust*, 302 Ga. App. 120-121 (690 SE2d 252) (2010) (citation and punctuation omitted).

[14] *Smith v. Great S. Fed. Sav. Bank*, 192 Ga. App. 386, 387 (3) (385 SE2d 1) (1989) (citation and punctuation omitted).

[15] See generally *Blue Marlin Dev.*, supra at 122 (1); *Nash v. Compass Bank*, 296 Ga. App. 874, 877 (b) (676 SE2d 28) (2009).